UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SINCERE SMITH,

                Plaintiff,

-against-

SGT. LABARGE; C.O. A.N. MARTIN; C.O. A.U. MARTIN; C.O. A.D. MARTIN; C.O. M. PHILLIPS; C.O. ASHLEY; C.O. ROWE; C.O. TATRO; C.O. G. CARY; C.O. E. SMITH; SGT. MILLER; C.O. JOHN DOE,

                Defendants.

23-CV-10264 (KMK)

PARTIAL TRANSFER ORDER AND ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who is currently incarcerated at Upstate Correctional Facility ("Upstate"), located in Franklin County, New York, brings this pro se action, alleging that Upstate Correction Officers Labarge, Martin, Martin, Martin, Phillips, Ashley, Rowe, Tatro, Gary, and Smith (the "Upstate Defendants"), violated his constitutional rights. He also alleges that Defendants Sergeant Miller and a John Doe officer failed to protect him from another prisoner when Plaintiff was incarcerated at Green Haven Correctional Facility ("Green Haven"). By order dated November 27, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    For the following reasons, the Court severs the claims brought against the Upstate Defendants, transfers those claims to the United States District Court for the Northern District of New York, directs the Clerk of Court to effect service on Defendant Miller, and directs the New

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

York State Attorney General to identify the John Doe officer. Local Civil rule 33.2 applies to this case.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the Complaint.  On June 15, 2023, while incarcerated at Upstate, the Upstate Defendants "assaulted [Plaintiff] in a violent sexual attack . . . in a planned attack while Sgt. Labarge watched & had full control over all involved officers."[2] (ECF 1, at 3.)  The facts in support of Plaintiff's claims against the Upstate Defendants are alleged in paragraphs 1-17 and 20 of the Complaint.

Plaintiff also alleges that on July 26, 2023, in a Green Haven recreation yard, a John Doe correction officer "placed plaintiff & the prisoner with whom he had a separation [order] on the same recreation time purposefully." (*Id.* at 8.)  Once in the yard, the Doe officer and Sergeant

---

[2] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Miller watched the other prisoner chase Plaintiff with a razor blade, without intervening. Plaintiff then "collapsed because of his asthma & also landed on his right hand causing an extreme sharp pain & burning sensation." (*Id.*) Plaintiff asserts that "[h]ad Upstate medical staff properly treated plaintiff his hand would have been covered in ace bandages or a cast," and therefore, the alleged injuries he sustained in the Green Haven recreation yard would not have been as severe. (*Id.*)

## DISCUSSION

### A.     Claims Against the Upstate Defendants

#### 1.     Severance of Upstate Claims

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim

3

against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Where a plaintiff is incarcerated, and asserts claims arising at two different correctional facilities, courts often disallow joinder when the defendants from the first facility are not involved in any conduct at the second facility. *See, e.g.*, *Webb v. Maldanado*, No. 13-CV-144, 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (holding that "[u]nrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims"); *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later).

Plaintiff asserts two sets of claims that are not logically connected. Although Plaintiff asserts that his injuries at Green Haven were exacerbated because of the medical treatment he

4

received at Upstate, the alleged denial of care at Upstate did not arise from the same set of events or involve the same individual defendants involved in the Green Haven claims. Severance of these two sets of claims is therefore appropriate, and the Court severs the claims.

### 2. Transfer of the Upstate Claims

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the Upstate Defendants violated his rights. He does not plead the residence of any of these defendants, only asserting that the alleged events giving rise to his claims occurred at Upstate. Because Defendants are employed at Upstate and the alleged events occurred in Franklin County, New York, from the face of the Complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's Upstate claims arose in Franklin County, which is in the Northern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of

justice, the Court transfers the claims brought against the Upstate Defendants to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

**B.     Order of Service on Sergeant Miller**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Sergeant Miller through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Sergeant Miller.

If the Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

C.   **Valentin Order for John Doe Officer**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the Green Haven John Doe Correction Officer. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where this Defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must request that the Court direct the Clerk of Court to add the newly named defendant to the action and to complete the USM-285 form with the address for the John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to transfer the claims brought against the Upstate Defendants to the United States District Court for the Northern District of New York. The Clerk of Court is also directed to terminate from this action Defendants LaBarge, Martin, Martin, Martin, Phillips, Ashley, Rowe, Tatro, Gary, and Smith, without prejudice to the litigation of Plaintiff's claims against these defendants in the Northern District of New York.

The Clerk of Court is further instructed to (1) issue a summons for Sergeant Miller, (2) complete the USM-285 form with the address for Miller, (3) deliver all documents necessary to effect service to the U.S. Marshals Service, and (4) mail Plaintiff an information package.

The Clerk of Court is directed to mail a copy of this Order and the Complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   01/24/2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANT AND SERVICE ADDRESS**

Sergeant Miller
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582-0010